B. P. OIL, INCORPORATED, PLAINTIFF, v.
STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided October 13, 1977.

*Mr. Alfred A. Porro, Jr.,* for plaintiff.

*Mr. William C. Rindone, Jr.,* Deputy Attorney General, for defendant Natural Resource Council.

*Mr. Matthew M. Millichap,* Deputy Attorney General, for defendant Department of Transportation.

TRAUTWEIN, A. J. S. C. This is a motion by defendant State of New Jersey to dismiss the first count of plaintiff's complaint for failure to state a claim upon which relief can

be granted. In the alternative, the State moves for summary judgment on the First Count in its favor.

Plaintiff owns a tract of land in Linden, which is located in Union County, New Jersey. Part of that tract was subject to a tidelands claim by the State. As a result, plaintiff applied to the New Jersey Department of Environmental Protection in 1971 for a conveyance of the State's interest in the tract. On March 13, 1974 the Natural Resource Council in the Department of Environmental Protection approved the conveyance of the State's interest to plaintiff for the sum of $160,000. The Commissioner of Environmental Protection also authorized this conveyance.

Plaintiff's application for the conveyance was then forwarded to the Attorney General's Office. Although the Attorney General's approval is not statutorily required, the Governor, who must approve any conveyance of the State's tideland interests, apparently will not sign such a conveyance without the Attorney General's agreement. The Attorney General considered the sum of $160,000 to be inadequate and returned plaintiff's application to the Natural Resource Council. The Attorney General had relied upon an appraisal of plaintiff's tract by James Hyde, the Director of Right of Way in the Department of Transportation. Hyde valued the State's interest in plaintiff's tract at $215,000.

In comparative terms, the Natural Resource Council's figure of $160,000 represented $60,000 for the defined watercourses on plaintiff's tract and $100,000 for the roughly 100 acres remaining which were subject to a tidelands claim. The Attorney General's figure of $215,000 represented $103,000 for watercourses and $112,000 for the remaining 100 acres.

Continuing negotiations having failed, plaintiff filed a complaint in lieu of prerogative writs against the State in the Superior Court, Hudson County, in December 1975. The first count of the complaint alleged that the Attorney General's refusal to forward plaintiff's application to the

Governor was arbitrary and capricious. Plaintiff demanded that the appropriate officials be compelled to grant plaintiff's application at a consideration comparable to prior grants to persons situated similarly to plaintiff. The second count of the complaint alleged that the unresolved tidelands claim by the State had improperly clouded plaintiff's title. Plaintiff correspondingly demanded that title to the tract be quieted solely in plaintiff. Venue in the action was changed from Hudson County to Bergen County in February 1976.

In April 1976 plaintiff moved for partial summary judgment on its second count. On July 9, 1976 this court entered partial summary judgment in plaintiff's favor and quieted title in the tract in plaintiff, except for clearly defined watercourses. The property description in the July 1976 order was amended by an order of December 13, 1976.

In June 1977 plaintiff moved to compel the deposition of James Hyde, the Director of Right of Way in the Department of Transportation, in order to prosecute the first count of the complaint. Hearing on this motion was adjourned until September 15, 1977. Defendant State of New Jersey also moved on September 15, 1977 to dismiss the first count or, in the alternative, for summary judgment on that Count. The court heard argument on September 15, 1977 only as to the State's motion to dismiss, since a determination in the State's favor would obviate the necessity of compelling Hyde's deposition.

The State's contention is that the court cannot compel the Executive Branch, as proprietary holder of tide-flowed lands, to convey a tidelands interest to a private person. More specifically, the State contends that the Natural Resource Council's original approval of a conveyance to plaintiff for $160,000 is immaterial because the Council, the Commissioner of Environmental Protection and the Governor are each statutorily required to exercise discretion and to give independent approvals. Conceding that the Council

alone can set the consideration, the State holds that any consideration is meaningless without the Governor's approval.

Plaintiff, on the other hand, contends that once the Natural Resource Council has concluded that the public interest will only be served by a conveyance of a certain tidelands interest, the Council, the Commissioner and the Governor must convey at fair market value. Plaintiff cites *N. J. S. A.* 13:1B–13.9 for the proposition that the fair market value is the figure approved by the Council as the necessary consideration. In the alternative, plaintiff contends that equal protection of the law permits the court to determine fair market value.

The statutory requirements for the conveyancing of the State tidelands located within meadowlands are primarily contained in *chapter* 1B of *Title* 13 of the *New Jersey Statutes Annotated*. A person desiring a conveyance of the State's interest in any tidelands must make an application to the Natural Resource Council. *N. J. S. A.* 13:1B–13.7; *N. J. S. A.* 13:1B–13.1(d); *N. J. S. A.* 13:1D–3(b).

The Council must forward copies of the application to various state agencies. *N. J. S. A.* 13:1B–13.8. Then, subject to the recommendations of the various state agencies, the Council must determine if the conveyance will be in the public interest. *N. J. S. A.* 13:1B–13.9. If the conveyance is in the public interest, the Council "shall" approve the application. *N. J. S. A.* 13:1B–13.9. Thereafter,

"* * * [t]he council shall further determine the fair market value of the property at the time of the * * * conveyance * * * and shall fix the proper consideration to be charged * * *." [*N. J. S. A.* 13:1B–13.9]

However, no grants shall be allowed "except when approved and signed by the Governor and the Commissioner" of Environmental Protection. *N. J. S. A.* 13:1B–13; *N. J. S. A.* 13:1B–2. Upon payment of the consideration, the Council "and the appropriate State officers" shall convey

the premises by deed under seal of the State. *N. J. S. A.* 13 :1B–13.9. See generally, *N. J. S. A.* 13 :1B–13.14; *N. J. S. A.* 12 :3–7; *N. J. S. A.* 13 :1B–13.7(c).

Prior to the enactment of *chapter* 1B of *Title* 13, the Attorney General, along with the Council and the Governor, was responsible for fixing the consideration for any tideland grant. *N. J. S. A.* 12 :3–7. Under *chapter* 1B of *Title* 13, the Attorney General is still responsible, regarding tidelands located in meadowlands, for preparing the deed and along with the Secretary of State, for attesting it. See *N. J. S. A.* 13 :1B–14; *N. J. S. A.* 13 :1B–13.9; *N. J. S. A.* 12 :3–7. See also, *LeCompte v. State,* 128 *N. J. Super.* 552, 561 (App. Div. 1974), *cert.* den. 66 *N. J.* 321 (1974).

Plaintiff contends that once the Council has determined the conveyance would be in the public interest, the Governor can be compelled to approve the conveyance at the fair market value determined by the Council. This is contradictory to the statute itself, which says that a grant will not be allowed "except when approved and signed by the Governor." *N. J. S. A.* 13 :1B–13. There is an uncontested representation in defendant's brief that the Governor will approve no grant without the prior approval of the Attorney General. Thus, even though plaintiff's application was never presented to the Governor for approval, the Governor properly could and would have refused to approve the application.

The case law also uniformly supports the position that the Governor could not be compelled to approve. "Finally, it is important to bear in mind that the State is under no obligation to convey riparian lands when requested to do so, but may, if it sees fit, simply continue to retain title." *LeCompte v. State,* 65 *N. J.* 447, 451 (1974). Accord, *Taylor v. Sullivan,* 119 *N. J. Super.* 426, 430–431 (App. Div. 1972).

For example, in *LeCompte v. State,* 128 *N. J. Super.* 552 (App. Div. 1974), the Council approved a conveyance for

the sum of $50,460.60. A subsequent appraisal indicated that the value of the property was $161,760. The Attorney General, before submission to the Governor, determined that the consideration demanded by the Council was inadequate and "would not be acceded to by the Governor". 128 *N. J. Super.* at 557. The Appellate Division upheld the State's right to refuse to convey, even though a figure for the consideration had been determined by the Council.

Although *LeCompte* relied upon *N. J. S. A.* 12:3-7, the court thoroughly discussed the comparable provisions of *N. J. S. A.* 13:1B-13. This court cannot compel the Attorney General or the Governor to approve plaintiff's application at the consideration originally approved by the Council. Plaintiff's first contention, then, is without merit.

Plaintiff further contends, however, that if it has been subject to arbitrary and capricious treatment by the Executive Branch, the court can set the figure for fair market value. Similar claims have been dismissed in both *LeCompte, supra* 65 *N. J.* at 561 and *Taylor, supra* 119 *N. J. Super.* at 432.

Plaintiff may be alleging a justiciable claim, but is demanding an inappropriate remedy. The proceeds from conveyance of state tidelands go into a constitutionally-mandated trust fund for the support of free public schools. *N. J. Const.* (1947), Art. VIII, § IV. *N. J. S. A.* 13:1B-13.13. If, in fact, the State has made conveyances for unconscionably low consideration, the injured entity is not a rejected applicant like plaintiff, but is the School Trust Fund.

Plaintiff, in short, cannot compel approval of its application at a similarly low rate, but may state a claim to set aside the previously improper conveyances. *Atlantic City Electric Co. v. Bardin,* 145 *N. J. Super.* 438, 446 (App. Div. 1976). There would be problems, however, with standing and with the proposition that such conveyances are beyond judicial review. See *LeCompte v. State,* 65 *N. J.* 447, 452 (1974). This court, of course, expresses no opinion as to the merits of such an action by plaintiff.

As presently alleged, the first count of plaintiff's complaint states no cause of action upon which relief can be granted. Defendant's motion to dismiss is therefore granted.